[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S POST JUDGMENT MOTION FOR MODIFICATION DATED 4/26/00 (#130): DEFENDANT'S POST JUDGMENT MOTION FOR CONTEMPT DATED 4/26/00 (#129): PLAINTIFF'S POST JUDGMENT MOTION FOR CONTEMPT DATED 8/4/00 (#134) 
The defendant seeks to modify certain provisions of the Judgment of Dissolution which was entered by the court (Dranginis, J.) on December 9, 1997 claiming a substantial change in circumstances and/or substantial deviation from the guidelines and/or the best interests of the children. In addition the defendant seeks to hold the plaintiff in contempt for the improper claiming of the children for tax purposes. The plaintiff seeks to hold the defendant in contempt for failing to comply with certain provisions of the Judgment previously referred to. On May 23, 2000 the parties entered into an agreement which was made orders of the court (Caruso, J.) that any modification of a financial nature would be made retroactive to May 23, 2000 and the case referred to Family Relations for mediation of parenting issues.
On October 16. 2000 the parties appeared with counsel and offered testimony and documentary evidence. The court, after reviewing the evidence and the exhibits makes the following findings of fact.
As of October 31, 2000 the defendant owes the plaintiff the sum of $1,044.14 representing her one-half of the medical insurance premiums for the minor children. Further, the defendant owes the plaintiff $340.00 for camp and $550.00 for after school activities. The total amount owed by the defendant to the plaintiff is $1,934.14.
The financial affidavit filed by the defendant on December 9, 1997 reflected a net income of $356 per week and the affidavit of the plaintiff gross income of $1,096. The child support guidelines at that time based on a deviation in light of the parenting plan then in place amounted to $135 per week. On August 31, 2000 the court (Gruendel, J.) granted the plaintiff's motion to decrease the defendant's visitation. As of the date of the hearing the plaintiff's gross weekly income amounted CT Page 632 to $1,230 and the defendant claimed that her gross income was $400 per week. However, the court finds that the defendant's earning capacity is $500 per week.
With respect to the tax exemptions for the children the plaintiff filed an amended return for calendar year 1999 claiming the child she was entitled to claim and received a refund as a result of the filing.
The following orders shall enter:
1. The plaintiff is found in contempt which contempt is willful and shall pay the defendant counsel fees in the amount of $250 within 45 days of this decision.
2. The plaintiff owes the defendant the sum of $1,934.14 for medical insurance premiums. Said sum shall be paid by the plaintiff to the defendant at the rate of $50.00 per week commencing one week from the date of this decision.
3. The following child support order shall be retroactive to May 23, 2000. Counsel are ordered to submit to the court child support guidelines based upon the earnings or earning capacity found by the court. Deviation is permitted based upon the father having primary residence and 58% of the parenting time. All other support provisions contained in the Judgment shall remain in full force and effect.
BY THE COURT
JOHN R.CARUSO, J.